ADOLPH LINDSETH, Respondent, v. THE NATIONAL FIRE
INSURANCE COMPANY OF HARTFORD, CONNECTI-
CUT, a Foreign Corporation, Appellant,

and

ADOLPH LINDSETH, Respondent, v. ST. PAUL FIRE & MA-
RINE INSURANCE COMPANY, a Foreign Corporation, Ap-
pellant.

(213 N. W. 961.)

**Insurance — stipulation in policy may be waived.**
    1. The stipulation of an automobile insurance policy against additional in-
surance may be waived.

**Insurance — evidence supporting waiver held sufficient.**
    2. For reasons stated in the opinion, it appearing that the evidence is in
dispute as to the facts relied upon to establish waiver, the trial court having
held that the evidence preponderated in favor of the plaintiff's version of the
transaction, it is held that the finding was correct.

Opinion filed May 7, 1927.

Insurance, 32 C. J. § 567 p. 1316 n. 74; § 568 p. 1317 n. 83; 33 C. J. § 860 p. 127
n. 4.

Appeal from the District Court of Cass County, *Cole,* J.
Affirmed.

*Lawrence, Murphy & Nilles,* for appellants.

An ordinary provision of policies of insurance is that in case of
other or double insurance upon the property covered by the policy,
without the consent of the insurers, the policy shall be void. 4 Joyce,
Ins. pp. 4104, 4105; Washington v. Hartford Ins. Co. 50 Wash. 346,
97 Pac. 238.

Clauses in a policy forbidding other insurance without notice to or
the knowledge and consent of the insurer, are proper and reasonable,
and violation of them avoid the policy. Carpenter v. Providence Wash-
ington Ins. Co. 16 Pet. 495, 10 L. ed. 1044.

Courts do not favor forfeitures, but they cannot avoid enforcing
them when the party by whose default they are incurred cannot show

some good and stable ground in the conduct of the other party on which to base a reasonable excuse for the default. Thompson v. Insurance Co. 104 U. S. 252.

A policy of insurance conditioned to be void for other insurance without consent is avoided by a subsequent policy not consented to, although containing the like condition. Somerfield v. Insurance Co. 41 Am. Rep. 662.

Where the policy is delivered to the agent of the applicant, he is presumed to know its contents and cannot evade a forfeiture for violation of the provision on the ground that he never read it. Smith v. Cont. Ins. Co. (N. D.) 43 N. W. 811.

*Lemke & Weaver* for respondents.

It is the duty of the company issuing a policy in response to an application to furnish a policy in the usual form with the usual clauses and conforming to the terms of the application. Ins. 32 C. J. § 215.

To be effective, an acceptance of an application must be in the very terms offered. Ins. 14 R. C. L. § 71.

A contract of insurance is consummated upon the unconditional written acceptance of the application for insurance by the company to which such application is made. Ins. Co. v. Babcock, 42 L.R.A. 88; Herring v. Ins. Co. 99 N. W. 130.

In construing a policy of insurance prepared by the insurer all reasonable doubt must be resolved in favor of the insured. Lumber Co. v. Ins. Co. (Minn.) 175 N. W. 894. See also Phœnix Ins. Co. v. Holcomb (Neb.) 78 N. W. 300, and Behlmer v. Grand Lodge (Minn.) 123 N. W. 1071.

PER CURIAM. Two actions on insurance policies covering an automobile were by stipulation consolidated and tried together. Separate judgments were entered in the trial court against the two defendants in favor of the plaintiff. Both defendants have appealed and the appeals are submitted on one brief. The cases were tried to the court without a jury. It is the contention of the defendants and appellants that the provisions in each policy stipulating against additional insurance are fatal to the plaintiff's recovery. Plaintiff and respondent, among other contentions, urges that, even though the stipulations in the policies against additional insurance would have the effect of void-

ing the policy in each case, the defendants have waived the benefit of the stipulation.

There is no evidence of any fraud. The plaintiff never went to school in this country and reads English very poorly. There is nothing in the application which he signed, nor in the application which the insurance agent filled out, containing any information with reference to the existence of other insurance, nor does it appear that any such inquiry was made by the agent. The policy of the defendant St. Paul Fire & Marine Insurance Company was first issued, and there is evidence that at the time it was applied for the local agent suggested to the plaintiff that his company would not insure the car for more than $300 and that he could apply for additional insurance in another company if he desired additional insurance. There is also evidence that when the plaintiff applied for the second policy in the National Fire Insurance Company he informed the agent that he had other insurance to the extent of $300. The stipulation is contained in each case in a printed portion of the policy which was not read by the plaintiff, and it is elementary that such a stipulation can be waived. While the trial judge based his decision on other grounds, he expressed the view in the findings of fact that the evidence on the question of waiver preponderated in favor of plaintiff's version, and an examination and consideration of the evidence leads us to the conclusion that this view of the trial court was correct.

The judgments appealed from are affirmed.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.